DLD-133                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4159

_____

DONALD MERRILL WERTZ,
Appellant

v.

COUNTY OF BLAIR, PENNSYLVANIA; PRESIDENT JUDGE JOLENE KOPRIVA;
JUDGE CARPENTER; JUDGE MILLIRON; BLAIR COUNTY COMMISSIONERS;
JUDGE DOYLE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-10-cv-00276)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 8, 2012
Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 13, 2012)

_____

OPINION

_____

PER CURIAM

1

Donald Merrill Wertz was civilly committed to a mental institution in 1983 after he was found not guilty of murder by reason of insanity. In November 2010, Wertz filed a pro se complaint in the District Court pursuant to 42 U.S.C. § 1983 alleging that his Fourteenth Amendment rights had been violated in connection with a re-commitment hearing that took place in June 2009. Specifically, Wertz claimed that the court, in reaching its decision to recommit him, relied in part on unsubstantiated testimony that he "drove [his] car in[to] a group of people and shot at a lady" in 1978. (Compl., Dist. Ct. Dkt. # 6, ¶ IV.) As relief, Wertz asked that the "false evidence" be "removed from [his] records," and requested money damages as well as his immediate release. (Id.)

On December 7, 2010, the Magistrate Judge entered an order instructing Wertz to provide the following documents to the Clerk of Court on or before December 28, 2010: proper instructions and U.S. Marshal Form 285 for service upon the defendants; a completed notice and waiver of summons; and a copy of the complaint for each defendant.[1] When Wertz failed to file the requested documents, the Magistrate Judge issued an order to show cause why the case should not be dismissed. In the order, the Magistrate Judge instructed Wertz to submit a response on or before January 20, 2011.

Wertz failed to respond to the show cause order. As a result, the Magistrate Judge considered whether the complaint should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 41(b) (authorizing dismissal for

---

[1] The docket report indicates that the forms were forwarded to Wertz on December 16, 2010.

failure to prosecute or comply with court's orders).  After reviewing the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Magistrate Judge recommended that Wertz's complaint be dismissed.  The District Court agreed, and, by order entered August 9, 2011, dismissed the complaint with prejudice.[2]  Wertz now appeals from the District Court's order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's order for an abuse of discretion.  Poulis, 747 F.2d at 868.  We have reviewed the record and are compelled to conclude that the Magistrate Judge and District Court misconstrued some of Wertz's claims in determining that dismissal was appropriate under the Poulis framework.  In her Report and Recommendation, the Magistrate Judge stated that Wertz's complaint challenged the underlying civil commitment order that was entered after his 1983 conviction, and the District Court agreed.  While Wertz's complaint can be understood to challenge the 1983 commitment order, it also raises a challenge to the 2009 re-commitment hearing.  To the extent that the Magistrate Judge and the District Court did not consider that aspect of the pro se complaint, they misread Wertz's allegations.

Accordingly, we will vacate the District Court's August 9, 2011 order and summarily remand this matter for further proceedings.  See Third Cir. LAR 27.4 and

---

[2] Although the District Court's order did not specify that dismissal was with prejudice, a dismissal under Rule 41(b) operates as an adjudication on the merits unless the order states otherwise.  See Fed. R. Civ. P. 41(b).

3

I.O.P. 10.6. We express no opinion as to the merit of Wertz's claims or the weight to be afforded to any of the Poulis factors.[3]

---

[3] To the extent that Wertz states in his complaint that he seeks immediate release from civil commitment, we note that his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).